# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-377V**
**Filed: May 22, 2019**
UNPUBLISHED

JAYNEE BEATY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Tetanus Diphtheria acellular
Pertussis (Tdap) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 12, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a DTaP vaccine administered April 2, 2016. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 5, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On May 22, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $100,138.16,

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

representing $100,000.00 for petitioner's pain and suffering and $138.16 for past unreimbursed expenses.  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $100,138.16, representing $100,000.00 for petitioner's pain and suffering and $138.16 for past unreimbursed expenses, in the form of a check payable to petitioner, Jaynee Beaty.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| JAYNEE BEATY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 18-377V |
| v. | ) | Chief Special Master Dorsey |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 12, 2018, Jayne Purdom ("petitioner") filed a petition for vaccine injury compensation alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") as result of a DTaP vaccine administered on April 2, 2016.[1]  On April 1, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  On April 5, 2019, the Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner was entitled to compensation.[2]  The case is now in damages.

### I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $100,138.16, consisting of pain and suffering ($100,000.00) and past unreimbursed expenses ($138.16), which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

---

[1]  On March 23, 2018, the Chief Special Master issued an order changing the case caption to correct the spelling of petitioner's first name.  *See* Docket Entry ("D.E.") 8.

[2]  On May 6, 2019, the Chief Special Master issued an order changing the case caption to change petitioner's last name following her dissolution of marriage.  *See* D.E. 34.

II.     **Form of the Award**

Respondent recommends that the compensation provided to petitioner be made through a lump sum payment of $100,138.16 in the form of a check payable to petitioner.[3]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/ Colleen C. Hartley
COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3644
Fax:     (202) 353-2988

DATED:  May 22, 2019

---

[3]  Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.